# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **MARIE EDITH LEGER** | * | **CIVIL ACTION NO. 13-0393** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgment filed by Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), on August 19, 2013.[1] [rec. doc. 15]. No opposition has been filed, and the deadline for filing a response has expired.[2]

For the following reasons, I recommend that the motion be **GRANTED**.

---

[1] If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). As the Commissioner has attached exhibits to its briefs, the undersigned will treat this as a motion for summary judgment. *See Flores v. Sullivan*, 945 F.2d 109, 110 n. 3.

[2] LR 7.5 provides that opposition to a motion shall be filed within 21 days after service of the motion.

## Background

Plaintiff, Marie Edith Leger ("Leger"), filed an application for a supplemental security income on January 19, 2010. [rec. doc. 15, Exhibit A, Declaration of Patrick J. Herbst, Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, Exhibit 1]. After denial of the applications initially, claimant requested a hearing. On January 17, 2012, an Administrative Law Judge ("ALJ") issued a decision denying Leger's claim.

Leger then requested review of this decision. On December 6, 2012, the Appeals Council sent notice denying Leger's request for review and notifying her of the right to commence a civil action within 60 days. [rec. doc. 15, Exhibit 2]. The notice was sent to her with a copy to her attorney, Guy Mitchell.

On February 21, 2013, Leger filed a Complaint with this Court seeking review of the denial of her application for disability benefits. On August 19, 2013, the Government filed the instant motion for summary judgment on the ground that Leger's complaint was untimely filed under 42 U.S.C. § 405(g).

## Standard for Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed.R.Civ.P. 56(a). On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Securities and Exchange Commission v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1994).

Once the movant makes this showing, the non-movant must come forward with evidence sufficient to establish the existence of a genuine issue of material fact. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 126 (5th Cir. 1994). Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir.1991); *see also Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir.1980) (litigants may not oppose summary judgment through unsworn materials). In short, a properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a

genuine factual issue exists. *Hulsey*, 929 F.2d at 170 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986)).

## Legal Analysis

The Government argues that Leger's action is barred because it was filed more than sixty (60) days after she received notice of the Appeals Council's denial of review. 42 U.S.C. § 405(g) provides, in pertinent part, as follows:

> (g) Judicial review
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.*

(emphasis added).

The Commissioner has promulgated regulations explaining the meaning of "mailing"; the regulations clarify that a civil action must be commenced within sixty days after the Appeals Council's notice of denial of request for review "is received by the individual." *Flores,* 945 F.2d at 111 (*citing* 20 C.F.R. § 422.210(c)). The regulations also establish a rebuttable presumption that "the date of receipt of notice ... shall be presumed to be 5 days after the date of such notice,

unless there is a reasonable showing to the contrary."[3] *Id.* There is one exception to this 60-day period; the Commissioner may extend the time upon a showing of good cause. *Id.*; *Triplett v. Heckler*, 767 F.2d 210, 214 (5th Cir. 1985).

Here, the Appeals Council mailed notice of denial of its request for review to Leger and her attorney on December 6, 2012. With the 5-day receipt of notice presumption, Leger would have had to file suit by Saturday, February 9, 2013, to be considered timely. However, she did not file her Complaint with this Court until February 21, 2013, which was almost two weeks after the deadline.

The 60-day requirement is not jurisdictional, but rather constitutes a period of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986); *Triplett*, 767 F.2d at 211. Congress has authorized the Commissioner to extend the 60-day limit where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480, 106 S.Ct. at 2030 (*quoting Matthews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)).

Here, Leger failed to file any response whatsoever to the government's motion. Thus, this action is time-barred under § 405(g).

---

[3]Rule 6(a) of the Federal Rules of Civil Procedure does not apply because the five-day grace period is specified in a regulation, *i.e.*, 20 C.F.R. § 422.210(c), not in the Federal Rules of Civil Procedure or in any local rule or court order, or in any statute. *Tripp v. Astrue*, 864 F. Supp.2d 120, 122 (D.D.C. 2012).

**Conclusion**

For the reasons set forth above, the undersigned recommends that motion for summary judgment be **GRANTED**, and that plaintiff's claims be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed November 19, 2013, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 11/20/2013
By: MBD